1549, 20 L.Ed.2d 426 (1968). The question of jurisdiction over the challenge of such a detainer was considered by the Second Circuit in United States ex rel. Meadows v. New York, 426 F.2d 1176 (2d Cir. 1970). In that case a petitioner in federal custody in Georgia challenged a detainer issued by a New York court located in the Southern District of New York. The court found that the federal district court in the Southern District of New York had jurisdiction to consider the habeas corpus petition even though petitioner was currently confined in a penitentiary in Georgia. In *Meadows*, the Second Circuit considered the reasons behind the jurisdictional requirements of the federal habeas corpus statute and concluded that in a case where a petitioner was challenging a detainer, the preferred jurisdiction to challenge that detainer would be the court that gave the sentence upon which the detainer was based. The court in *Meadows* reasoned that petitioner did not question the legality of his present detention; instead, his aim was to secure the withdrawal of the detainer lodged against him by the New York authorities. The court best situated to grant this relief would be the district court located in the State of New York, the state which had lodged the detainer. Similarly, in this case petitioner does not challenge his confinement in New York. He challenges the detainer upon which his future confinement in California would be based. Thus, the court best suited to grant that relief would be a district court located in the State of California. Other factors considered in *Meadows* which led to the decision that the district court within which sentence was pronounced would be the preferred jurisdiction were more practical ones. The fact that all of the records of the challenged conviction, many of petitioner's potential witnesses, as well as the proper representation of the real respondents in interest, all pointed to the district of sentencing as the proper forum for consideration of a habeas corpus petition. Thus, respondent's motion is granted and this action is ordered transferred to the Central District of California. *See also* Dodd v. United States Marshal, 439 F.2d 774 (2d Cir. 1971).

So ordered.



## In re BESTLINE PRODUCTS SECURITIES AND ANTITRUST LITIGATION.

### No. 162.

Judicial Panel on Multidistrict Litigation.
April 29, 1974.

Proceedings were instituted upon common defendant's motion for transfer of all actions to single district for coordinated or consolidated pretrial proceedings. The Judicial Panel on Multidistrict Litigation held that actions which stood factually isolated from other actions would not be transferred; and that common questions of fact concerning alleged pyramidal recruiting and marketing techniques of common defendant in general securities and antitrust actions and similar class allegations of nationwide groups of common defendant's distributors warranted transfer of actions for purpose of discovery to single district where discovery had progressed further than in any of other actions and where a great number of relevant documents were located.

Order in accordance with opinion.

1. Courts ⚖277.2

Actions which stood factually isolated from other actions would not be transferred for coordinated or consoli-

IN RE BESTLINE PRODUCTS SECURITIES & ANTITRUST LITIGATION 927
Cite as 375 F.Supp. 926 (1974)

dated pretrial proceedings with general securities and antitrust actions. 28 U.S.C.A. § 1407.

2. Courts ⚖︎277.2

Common questions of fact concerning alleged pyramidal recruiting and marketing techniques of common defendant in general securities and antitrust actions and similar class allegations of nationwide groups of common defendant's distributors warranted transfer of actions for purpose of discovery to single district where discovery had progressed further than in any of other actions and where a great number of relevant documents were located. 28 U.S.C.A. § 1407; Fed.Rules Civ.Proc. rule 23, 28 U.S.C.A.

---

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of nine actions in eight different districts involving an alleged multilevel marketing system for biodegradable cleaning products operated by Bestline Products, Inc. Plaintiffs in seven of the actions are disgruntled former Bestline distributors who allege common law fraud and violations of federal securities and antitrust laws by Bestline, its former directors and agents. The other two actions, both filed in the Northern District of California, appear to be only marginally related to the seven general securities and antitrust actions. Common defendant Bestline originally moved the Panel for transfer of all the actions to the Southern District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Bestline has since withdrawn its support for transfer of the California actions. Plaintiffs in actions filed in Wisconsin and Louisiana, however, oppose transfer of their respective actions. We find that all the actions, except the two actions pending in the Northern District of California, contain common questions of fact and that their transfer to the Southern District of Florida will be for the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

[1] We agree with the parties that the *Forsland* and *Anspach* actions in the Northern District of California bear no significant factual relationship to the other actions. The *Forsland* action is a purely contractual dispute between Bestline and a former distributor; and the *Anspach* action involves a dispute concerning the terms of an alleged agreement under which plaintiff Anspach manufactured some of Bestline's products in Mexico. Since these two actions stand factually isolated, no purpose would be served by transferring them under Section 1407 for coordinated or consolidated pretrial proceedings with the general securities and antitrust actions.

[2] The parties opposing transfer of their actions to the Southern District of Florida assert that because of the varying scope of each plaintiff's allegations, there are not sufficient common questions of fact to warrant transfer under Section 1407. They also contend that some of the actions do not involve the types of complexities for which Section 1407 procedures were designed. We do not agree. The wide-ranging legal contentions in all the actions present common questions of fact concerning the alleged pyramidal recruiting and marketing techniques of Bestline. And four of the actions contain similar Rule 23 class allegations on behalf of nationwide groups of Bestline distributors. Therefore, transfer of these actions to a single district will prevent duplicative discovery and avoid the possibility of inconsistent

---

* Judge Murrah was unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

class determinations by the transferor courts.

The Southern District of Florida is the most appropriate transferee district. Discovery in the action pending there has progressed further than discovery in any of the other actions, and a great number of relevant documents are located in Miami.

It is therefore ordered that transfer of the actions entitled Paul Anspach v. Bestline Products, Inc., et al., N.D.Cal., Civil Action No. C-73-1282-RFP and Dorothy Forsland v. Bestline Products, Inc., N.D.Cal., Civil Action No. C-73-775-ACW, listed on Schedule A, is denied.

It is further ordered that the remaining actions listed on Schedule A pending in districts other than the Southern District of Florida be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending in that district and listed on Schedule A.

### SCHEDULE A

**Eastern District of Wisconsin**

| | |
|---|---|
| Phillip Ammerman, et al. v. Bestline Products, Inc. | Civil Action No. 70-C-448 |

**Northern District of California**

| | |
|---|---|
| Paul Anspach v. Bestline Products, Inc., et al. | Civil Action No. C-73-1282-RFP |
| Dorothy Forsland v. Bestline Products, Inc. | Civil Action No. C-73-775-ACW |

**Eastern District of Louisiana**

| | |
|---|---|
| Francis A. Bienvenue, et al. v. Bestline Products, Inc., et al. | Civil Action No. 73-2779 |

**Southern District of New York**

| | |
|---|---|
| Peter Marion, et al. v. Bestline Products, Inc., et al. | Civil Action No. 73 Civ. 4533 |

**Western District of Wisconsin**

| | |
|---|---|
| Henry S. Kjentvet, et al. v. Bestline Products, Inc., et al. | Civil Action No. 73-C-276 |

**Eastern District of New York**

| | |
|---|---|
| Samuel Tisser v. Bestline Products, Inc. | Civil Action No. 73-C-914 |

**Middle District of Tennessee**

| | |
|---|---|
| Gene Whittenburg, et al. v. Bestline Products Co., Inc., et al. | Civil Action No. 7014 |

**Southern District of Florida**

| | |
|---|---|
| Peter Piambino, et al. v. William E. Bailey, et al. | Civil Action No. 73-1230-Civ |

In re BESTLINE PRODUCTS SECURITIES & ANTITRUST LITIGATION.

Vivian L. Black v. Bestline Products, Inc., W.D. Tex., Civil Action No. A-74-CA-69

Jeff Eastman v. Bestline Products, Inc., W.D. Tex., Civil Action No. A-75-CA-51

Toni Hollingsworth v. Bestline Products, Inc., W.D. Tex., Civil Action No. A-75-CA-52

Earl Schwettmann v. Bestline Products, Inc., W.D. Tex., Civil Action No. A-75-CA-63

No. 162.

Judicial Panel on Multidistrict Litigation.

Nov. 14, 1975.

Defendant against whom former distributors brought actions based on alleged violations of Securities Act of 1933, violations of common-law fraud, and violations of Texas Deceptive Trade Practices Act sought order transferring the action to the Southern District of Florida for centralized pretrial processing with other securities and antitrust litigation which had been brought against the defendant and which had previously been transferred to the Southern District of Florida. The Judicial Panel on Multidistrict Litigation held that where all four of the instant actions shared common factual issues with the Florida litigation concerning nature and operation of defendant's marketing program, the actions would be transferred notwithstanding distributors' argument that transfer was inappropriate because the Texas state law claims were not involved in the Florida litigation.

Actions transferred.

Courts ⟲ 277.2

Where prior actions against the same defendant based on alleged violations of securities and antitrust laws had been transferred to the Southern District of Florida for coordinated or consolidated pretrial proceedings, additional actions which were brought against the defendant by former distributors who alleged violations of the Securities Act of 1933 and violations of common-law fraud and the Texas Deceptive Trade Practices Act would be transferred to the Southern District of Florida, even though Texas state law claims were not involved in the Florida litigation. 28 U.S.C.A. § 1407; Securities Act of 1933, § 12, 15 U.S.C.A. § 77l; V.T.C.A., Bus. & C. § 17.41 et seq.

Before ALFRED P. MURRAH,[*] Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel has previously transferred all actions in this litigation to the Southern District of Florida and, with the consent of that court, assigned them to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Defendant Bestline Products, Inc. now moves the Panel for an order transferring the above-captioned actions to the Southern District of Florida for centralized pretrial processing with the litigation currently pending there. All plaintiffs oppose transfer.

We find that these tag-along actions involve questions of fact common to the actions previously transferred to the Southern District of Florida and that their transfer to that district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

---

[*] Judge Murrah took no part in the consideration or decision of this matter.

1. In re Bestline Products Securities & Antitrust Litigation, 375 F.Supp. 926 (Jud.Pan. Mult.Lit.1974).

Plaintiffs in all four actions are disgruntled former Bestline distributors who allege that Bestline committed various violations in connection with its multilevel marketing system for biodegradable cleaning agents. Specifically, the plaintiff in *Black* charges defendant with violations of Section 12 of the Securities Act of 1933, while plaintiffs in *Hollingsworth, Eastman* and *Schwettmann* allege violations of common law fraud and the Texas Deceptive Trade Practices Act.

Plaintiffs argue that transfer is inappropriate because the Texas state law claims asserted in three of these four actions are not involved in the Florida litigation. We disagree.

Although three of the Texas actions raise legal theories not presently before the transferee court, all four of these tag-along actions clearly share common factual issues with the Florida litigation concerning the nature and operation of Bestline's marketing program. This commonality of factual questions underlies all legal theories alleged in the four actions before us. Thus, transfer will prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings. And any unique questions relating to Texas state law can easily be decided by the transferee judge in the course of the proceedings.

Moreover, inasmuch as discovery in the previously transferred actions has progressed to a considerable degree, procedures are available whereby such discovery can be utilized by the parties in these four actions and, as a result, they will no doubt experience savings of time, effort and expenses. *See Manual for Complex Litigation*, Parts I and II, § 3.11 (rev. ed. 1973).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the above-captioned actions be, and the same hereby are, transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.



In re STIRLING HOMEX CORPORATION SECURITIES LITIGATION.

R. C. Fernon, Jr., et ux. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., M.D.Fla. Civil Action No. 75-490 Civ. TK.

No. 126.

Judicial Panel on Multidistrict Litigation.

Dec. 3, 1975.

The Judicial Panel on Multidistrict Litigation transferred action for alleged violations of federal securities laws to the Southern District of New York for coordinated or consolidated pretrial proceedings where action raised questions of fact common to actions previously transferred to that district and transfer would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation.

Order accordingly.

**Courts ⟐277.2**

Action for alleged violations of federal securities laws in failing to disclose material adverse facts and in making misleading statements in connection with purchase and sale of securities was transferred by Judicial Panel on Multidistrict Litigation to Southern District of New York for coordinated or consolidated pretrial proceedings where action raised questions of fact common to actions previously transferred to that district and transfer would best serve convenience of parties and witnesses and promote just and efficient conduct of litigation by avoiding duplicative discovery

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY -5 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 162

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BESTLINE PRODUCTS SECURITIES & ANTITRUST LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions involved in the above-referenced litigation were remanded by the United States Court of Appeals for the Eleventh Circuit and are currently pending in the United States District Court for the Southern District of Florida before the Honorable Stanley Marcus,

IT IS ORDERED that the above-captioned litigation be, and the same hereby is, REASSIGNED to the Honorable Stanley Marcus for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman